**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JAMES A. MEHLING, et al., | : | |
| Plaintiffs, | : | No.  99-CV-5417 (BWK) |
| | : | |
| v. | : | |
| | : | CLASS ACTION |
| NEW YORK LIFE INS. CO., et al., | : | |
| | : | |
| Defendants. | : | |

**PETITION OF CLASS COUNSEL FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND FOR
SPECIAL PAYMENTS TO NAMED PLAINTIFFS MAANE AND BOWERS**

Alan M. Sandals
Scott M. Lempert
**SANDALS & ASSOCIATES, P.C.**
One South Broad Street, Suite 1850
Philadelphia, PA  19107
(215) 825-4000

Eli Gottesdiener
**GOTTESDIENER LAW FIRM, PLLC**
498 7th Street
Brooklyn, NY  11215
(718) 788-1500

Marc I. Machiz
**COHEN, MILSTEIN, HAUSFELD
 & TOLL, PLLC**
One South Broad Street, Suite 1850
Philadelphia, PA  19107
(215) 825-4010

Barry L. Gross
**STIEF, GROSS, SAGOSKIN, GILMAN
 & CLASSETTI PC**
547 Fort Washington Avenue
P.O. Box 274
Newtown, PA  18940
(215) 968-3900

Attorneys for Plaintiffs and the Settlement Class

Dated: December 10, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

I.  FEES IN THIS COMMON FUND CASE SHOULD
    BE AWARDED BASED ON THE PERCENTAGE OF
    RECOVERY METHOD....................................................................................................... 2

II. THE REQUESTED FEE IS WITHIN THE RANGE
    OF APPROPRIATE   PERCENTAGES OF RECOVERY
    AND MULTIPLIERS AWARDED AS COUNSEL FEES
    IN COMMON FUND CASES ........................................................................................ 5

    A.     The Requested Percentage of Recovery Is Consistent
           With Other Awards ................................................................................................ 5

    B.     The Requested Multiplier Is At the Low End of the Range
           of Fee Awards ......................................................................................................... 8

    C.     The Requested Fee is Reasonable When All Other
           Factors Are Considered...................................................................................... 10

III. CLASS COUNSEL SHOULD RECEIVE THE EXPENSES THEY
     INCURRED FOR THE BENEFIT OF PLAINTIFFS AND THE
     MEMBERS OF THE SETTLEMENT CLASS ........................................................... 14

IV. THE COURT SHOULD GRANT SPECIAL INCENTIVE
    AWARDS TO NAMED PLAINTIFFS MAANE AND
    BOWERS IN RECOGNITION OF THEIR YEARS OF
    EFFORT, TIME AND CONCERN BENEFITING ALL
    MEMBERS OF THE SETTLEMENT CLASS ........................................................... 15

CONCLUSION............................................................................................................................. 18

## TABLE OF AUTHORITIES

**Cases:**                                                                                          **Page**

*Blum v. Stenson*, 465 U.S. 886 (1984) ................................................................................ 3

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ............................................................... 2

*Bogosian v. Gulf Oil Corp.*, 621 F.Supp. 27 (E.D. Pa.1985) .......................................... 17

*Bradburn Parent Teacher Store, Inc. v. 3M (Minnesota Mining and Manufacturing Co.)*,
   No. 02-7676, 2007 U.S. Dist. LEXIS 35899, 2007-1 Trade Cas.
   (CCH) ¶ 75,722 (E.D. Pa. May 15, 2007) ................................................................ 6, 9

*Brotherton v. Cleavland*, 141 F.Supp.2d 907 (S.D. Ohio 2001) .................................... 17

*Brytus v. Spang & Co.*, 203 F.3d 238 (3d Cir. 2000) ........................................................ 3

*Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885) .................................... 3

*Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136 (E.D. Pa. 2000) ............................. 6, 7, 9

*Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) .................................. 10

*In re Aetna Inc. Sec. Litigation*, 2001 WL 20928 (E.D. Pa. December 27, 2001) ......... 7, 9

*In re ATI Technologies, Inc. Securities Litigation*,
   2003 WL 1962400 (E.D. Pa. April 28, 2003) ................................................................ 7

*In re Cardizem CD Antitrust Litigation,* MDL No. 1278 (S.D. Mich. Nov. 26, 2002) ...... 17

*In re Cell Pathways, Inc. Sec. Litigation*,
   2002 WL 31528573 (E.D. Pa. September 23, 2002) ..................................................... 7

*In re Cendant Corp. PRIDES Litigation*, 243 F.3d 722 (3d Cir. 2001) ......................... 6, 8

*In re Corel Corporation Inc. Securities Litigation*, 293 F.Supp.2d 484 (E.D. Pa. 2003) .............. 7

In re *Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297 (N.D.Ga.1993) ........... 16

*In re First Jersey Secs., Inc. Sec. Litig.*, MDL No. 681 (E.D. Pa. 1989) .................... 9, 17

*In re General Instrument Sec. Litigation*, 209 F. Supp. 2d 423 (E.D. Pa. 2001) ............. 7

**Page**

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*,
  55 F.3d 768 (3d Cir. 1995).............................................................................. 3, 4, 10

*In re Graphite Electrodes Antitrust Litigation*,
  MDL No. 1244 (E.D. Pa. Order of September 8, 2003) ...........................................17

*In re Greenwich Pharmaceutical Sec. Litig.*,
  [1994-1995] Fed. Sec. L. Rep. ¶ 98,744 (E.D. Pa. 1995) ..................................... 7, 10

*In re Ikon Office Solutions, Inc. Sec. Litigation*, 194 F.R.D. 166 (E.D. Pa. 2000)........................ 9

*In re Lease Oil Antitrust Litigation*, 186 F.R.D. 402 (S.D.Tex.1999)......................................... 16

*In re Linerboard Antitrust Litigation*, 2004 WL 1221350 (E.D. Pa. June 2, 2004) .............. passim

*In re Neoware Systems, Inc. Sec. Litigation*, 2000 WL 1100871 (E.D. Pa. July 27, 2000) .......... 7

*In re Plastic Tableware Antitrust Litig.*, 1995 U.S. Dist. Lexis 18166 (E.D. Pa. 1995) ................7

*In re Prudential Ins. Co. of Amer. Sales Practice Litigation*,
  148 F.3d 283 (3d Cir. 1998)............................................................................. passim

*In re Ravisent Techs., Inc. Sec. Litig.*, No. 00-1014, 2005 U.S. Dist. LEXIS 6680, 2005 WL
  906361 (E.D. Pa., Apr. 18, 2005) ..................................................................................... 6

*In re Residential Doors Antitrust Litig.*, 1996 WL 751550 (E.D. Pa. Dec. 31, 1996).............. 7, 13

*In re Residential Doors Antitrust Litigation*, No. 93-3744,
  1998 WL 151804 (E.D. Pa. April 2, 1998) ...................................................................... 16

*In re Revco Securities Litigation*, No. 89 CV 593,
  1992 WL 118800 (N.D. Ohio May 6, 1992)..................................................................... 17

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294 (3d Cir. 2005)................................................... 3, 4, 5

*In re Rite Aid Corp. Sec. Litigation*, 146 F. Supp. 2d 706 (E.D. Pa. 2001).................................... 6

*In re Rite Aid Corp. Secs. Litig.*, 362 F. Supp. 2d 587 (E.D. Pa. 2005)......................................... 9

*In re Rite Aid Corporation Securities Litigation*, 269 F.Supp.2d 603 (E.D. Pa. 2003)................. 9

*In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525 (E.D. Pa. 1990)........................... 9

*In re Sunrise Sec. Litig.*, MDL No. 655 (E.D. Pa. 1990) .................................................................8

**Page**

*In re Tampico Fiber Antitrust Litig.*, 1995 WL 20418 (E.D. Pa. Jan. 13, 1995) .......................... 13

*In re Tel-Save Sec. Litigation*, No. 98-3145 (E.D. Pa. November 9, 2001) .................................... 7

*In re U.S. Bioscience Sec. Litig.*, 155 F.R.D. 116 (E.D. Pa. 1994) ............................................... 8

*In re Unisys Sec. Litig.*, No. 89-1179 (E.D. Pa. June 1992) ......................................................... 8

*In re Unisys Corp. Retiree Medical Benefits ERISA Litigation*,
   886 F. Supp. 445 (E.D. Pa. 1995) ............................................................................................ 12

*In re Unisys Corp. Securities Litigation*, 2001 WL 1563721 (E.D. Pa. December 6, 2001) .......... 7

*J/H Real Estate v. Abramson*, 951 F. Supp. 63 (E.D. Pa. 1996) .................................................... 9

*Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*,
   487 F. 2d 161 (3d Cir. 1973), *vacated on other grounds*, 540 F.2d 102 (3d Cir. 1976) ............. 8

*Meijer, Inc. v. 3M (Minnesota Mining and Manufacturing Co.)*, No. 04-5871,
   2006 U.S. Dist. LEXIS 56744, 2006-2 Trade Cas. (CCH) ¶ 75,397
   (E.D. Pa. August 15, 2006) ...................................................................................................... 9

*Neuberger v. Shapiro*, 110 F. Supp. 2d 373 (E.D. Pa. 2000) ........................................................ 7

*Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939) ..................................................................... 3

*Stop & Shop Supermarket Co. v. Smithkline Beecham Corp.*, No 03-4578,
   2005 U.S. Dist. LEXIS 9705, 2005 WL 1213926 (E.D. Pa. May 20, 2005) .............................. 9

*Tenuto v. Transworld Systems, Inc.*, No. 99-4228,
   2002 WL 188569 (E.D. Pa. Jan.31, 2002) ............................................................................... 16

*Trustees v. Greenough*, 105 U.S. 527 (1881) ............................................................................... 3

**Other Authorities:**

*Court Awarded Attorney Fees: Report of the Third Circuit Task Force*,
   108 F.R.D. 237 (3d Cir. 1985) .................................................................................................. 3

*Manual for Complex Litigation* (4th ed. 2004), § 14.121 ............................................................... 5

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 14:6 (4th ed. 2006) ................ 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JAMES A. MEHLING, et al., | : | |
| | : | No.  99-CV-5417 (BWK) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | CLASS ACTION |
| NEW YORK LIFE INS. CO., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PETITION OF CLASS COUNSEL FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND FOR
SPECIAL PAYMENTS TO NAMED PLAINTIFFS MAANE AND BOWERS**

This case has involved eight years of high-risk, difficult work, and over 8400 hours of

attorney and paralegal time, for the benefit of Plaintiffs and the members of the Settlement Class.

Class Counsel hereby petition this Court for an award of attorneys' fees in the aggregate amount

of $ 4.2 million, which is equal to 30 percent of the $ 14 million principal amount of the

common fund Settlement.[1]   As will be explained below, the requested fee represents a slight

multiplier of only 1.16 times the current hourly "lodestar" value of the work performed to date

by Class Counsel, which excludes the additional work which remains to be performed in the

future in settlement administration for the benefit of Plaintiffs and the Class members.   As

separate items, Class Counsel also request reimbursement of their litigation costs and expenses in

the amount of $ 208,207.96 and the award of special payments to named Plaintiffs Maane and

---

[1]    Settlement Class members were informed on page 9 of the mailed Notice that "The amount of fees that will be requested [by Class Counsel] in connection with the Settlement will not exceed $ 4,200,000.  The amount of the request (exclusive of expenses) therefore will not exceed 30% of the total Settlement amount of $ 14,000,000."

Bowers ($ 15,000 and $ 7,500 respectively) in recognition of their personal expenditures of time and effort since 2000 which has made the Settlement possible.

Plaintiffs and the members of the Settlement Class thus have had the most advantageous fee arrangement in this case – they incurred no potential liability for fees or expenses unless the litigation effort was successful, yet the fee requested by this Petition represents only a slight increase over the fee that would be due had they agreed to pay normal hourly rates.

The requested fee is reasonable given the tasks undertaken by Class Counsel, the results obtained, the precedent-setting nature of this litigation, the risky and contingent nature of the representation, and the time and effort expended during the past eight years.  The fee requested fully comports with the approach adopted by the Third Circuit and by judges of this District in numerous other class action fee decisions, and is well within the range of class action settlement fees awarded in other cases.

Finally, the requested fees and expenses are fully documented in the affidavits/declarations and itemized statements of the Class Counsel law firms which are attached as Exhibits B - F.  A summary listing of each firm's fees and expenses is attached as Exhibit A.

## I.      FEES IN THIS COMMON FUND CASE SHOULD BE AWARDED BASED ON THE PERCENTAGE OF RECOVERY METHOD

Counsel who recover a common fund settlement for a class are entitled to reasonable attorneys' fees paid from the fund as a whole.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Prudential Ins. Co. of Amer. Sales Practice Litigation*, 148 F.3d 283, 333 (3d Cir.

1998); *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768 (3d Cir. 1995).[2]

There are two methods available to analyze fee requests in class actions – the lodestar method and the percentage of recovery method. *See General Motors,* 55 F.3d at 820-21. Under the law in this Circuit, the percentage of recovery method is "generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (*quoting In re Prudential*, 148 F.3d at 333). *See also*, *General Motors*, 55 F.3d at 821; *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) ("under the 'common fund doctrine,' . . . a reasonable fee is based on a percentage of the fund bestowed on the class"); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 165-66 (1939); *Trustees v. Greenough*, 105 U.S. 527, 532 (1881); *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116, 124-25 (1885); *Court Awarded Attorney Fees: Report of the Third Circuit Task Force*, 108 F.R.D. 237 (3d Cir. 1985).[3]  The lodestar method also can be used "to 'cross-check' the percentage fee

---

[2]      Ordinarily, "because ERISA provides for a statutory fee, the district court has the discretion to require the defendant to pay a reasonable attorney's fee calculated under the lodestar method. *See* 29 U.S.C. § 1132(g)(1). However, because a common fund has been created from which all plaintiff members of the class will benefit, the court may be able to use the common fund doctrine in awarding attorney's fees from that fund, which would be deducted from the amount owing to all the beneficiaries." *Brytus v. Spang & Co.*, 203 F.3d 238, 243 (3d Cir. 2000).

[3]      Awards based on a percentage of a common fund are justified under concepts of unjust enrichment and *quantum meruit*. *See Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116, 126-127 (1885); *Trustees v. Greenough*, 105 U.S. 527 (1882).  In the *General Motors* decision, the Third Circuit indicated that the lodestar method was the appropriate method to analyze fee matters "legislatively identified by the statutory fee shifting provision" where "de-coupling" the amount of the recovery and the amount of the fee assures "an adequate fee irrespective of the monetary value of the final relief achieved for the class" and avoids "subjective evaluations of the monetary worth of the intangible rights often litigated in civil rights actions." 55 F.3d at 821. Thus, in cases in which relief is predominately non-monetary, the percentage method is not adequate and the lodestar method prevails instead. Thus, "[a]lthough it is sensible for a court to

award," in order to verify that the fee award is not excessive.  *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 305 (*citing In re Prudential*, 148 F.3d at 333).

The proposed Settlement meets the criteria of a "common fund" recovery, in which the percentage of the recovery method is used to determine fees.  The benefits to the Settlement Class consist principally of cash, paid by defendants and their insurer, together with non-economic terms – appointment of an independent advisor fiduciary to advise the Trustees of all four Plans about suitable investments.  There is no applicable statutory basis to shift the payment of fees to defendants.  In addition, there is no separate agreement between the settling parties regarding attorneys' fees or any other source of fees.  The Settlement Agreement expressly provides that the settlement amount is to be the sole source for payment of fees and expenses. Settlement Agreement, ¶ 4.1.  For these reasons, the sole available source for fees and expenses is the settlement fund itself.

Consequently, and as confirmed by *In re Rite Aid Corp. Sec. Litig.*, *In re Prudential*, *General Motors*, and their progeny, and in light of the rulings by numerous judges in this District addressing similar cases, the percentage of recovery method should be utilized to award fees to Class Counsel.

---

use a second method of fee approval to cross check its conclusion under the first method, we believe that each method has distinct advantages for certain kinds of actions, which will make one of the methods more appropriate as a primary basis for determining the fees." *General Motors*, 55 F.3d at 820.

## II.   THE REQUESTED FEE IS WITHIN THE RANGE OF APPROPRIATE PERCENTAGES OF RECOVERY AND MULTIPLIERS AWARDED AS COUNSEL FEES IN COMMON FUND CASES.

Class Counsel have limited their request for fees to an amount equal to 30 percent of the common fund in this case.   When measured as a percentage of the settlement amount, the requested fee is reasonable.

### A.   The Requested Percentage of Recovery Is Consistent With Other Awards.

The appropriate percentage of the common fund to be awarded as fees is, of course, a matter within the Court's equitable discretion.   The percentage requested here is reasonable and fully conforms to the precedents in this District and Circuit.

"In the normal range of common fund recoveries in securities and antitrust suits, common fee awards fall in the 20 to 33 per cent range."   4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 14:6 (4th ed. 2006).   In *In re Rite Aid*, the Third Circuit noted three studies which found that fee awards ranging between 25-33% of the common fund were not unusual.   *In re Rite Aid*, 396 F.3d at 303 ("[O]ne study of securities class action settlements over $ 10 million . . . found an average percentage fee recovery of 31%; a second study by the Federal Judicial Center of all class actions resolved or settled over a four-year period . . . found a median percentage recovery range of 27-30%; and a third study of class action settlements between $ 100 million and $ 200 million . . . found recoveries in the 25-30% range were 'fairly standard.'") (citation omitted).   The *Manual for Complex Litigation* (4th ed. 2004), likewise observes that common fund fee awards "are often between 25% and 30% of the fund."   *Id.*, § 14.121 at 188.

These guidelines are subject to adjustment in the case of very large settlement amounts, so that the percentage of the fund awarded as fees will decrease as the size of the fund increases.

*See In re Cendant Corp. PRIDES Litigation*, 243 F.3d 722, 736 (3d Cir. 2001); *In re Prudential*, 148 F.3d at 339; *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 148 (E.D. Pa. 2000).   Here, however, the dollar amount of the common fund – $ 14 million – is not an out-of-the-ordinary "mega" settlement and it presents no reason to depart from the approach that is typical in the multitude of class action fee award precedents.   Class Counsel believe that in this circumstance the range of awards in other cases involving settlements from $ 1 million to $ 50 million (or more) is an appropriate benchmark for the Court's analysis.

The percentage requested here (30%) is fully consistent with the trend of awards in this District, as canvassed and noted by judges in this District, as well as by the Third Circuit.

Fee awards of 30 to 33⅓ percent or more from common fund settlements of similar or larger size are common in this District and elsewhere.   For example, in *In re Rite Aid Corp. Sec. Litigation*, 146 F. Supp. 2d 706, 735-736 (E.D. Pa. 2001), Judge Dalzell noted an affidavit presented by Professor John Coffee, a frequent commentator on class actions and attorneys' fees, and reporting his survey of 289 fee awards in class actions between $ 1 million and $ 50 million. According to this survey, the median fee percentage award was 33⅓% and the average percentage award was 31.71%.

The recent precedents in this District are in accord with this conclusion.   *See, e.g.*, *Bradburn Parent Teacher Store, Inc. v. 3M (Minnesota Mining and Manufacturing Co.)*, No. 02-7676, 2007 U.S. Dist. LEXIS 35899 at * 42, 54-55, 2007-1 Trade Cas. (CCH) ¶ 75,722 (E.D. Pa. May 15, 2007) (Padova, J.) (approving fee award of 35% of $ 38.7 million net settlement fund); *In re Ravisent Techs., Inc. Sec. Litig.*, No. 00-1014, 2005 U.S. Dist. LEXIS 6680, 2005 WL 906361, *10-12 (E.D. Pa., Apr. 18, 2005) (Surrick, J.) (approving fee award of 33% from $ 7 million settlement); *In re Linerboard Antitrust Litigation*, 2004 WL 1221350 at * 4-5 (E.D. Pa.

June 2, 2004) (DuBois, J.) (approving 30% award from $ 202.5 million settlement); *In re Corel Corporation Inc. Securities Litigation,* 293 F.Supp.2d 484, 495-97 (E.D. Pa. 2003) (Brody, J.) (approving 33⅓% award from $ 7 million settlement); *In re ATI Technologies, Inc. Securities Litigation,* 2003 WL 1962400 at * 2-3 (E.D. Pa. April 28, 2003) (Dalzell, J.) (approving 30% award from $ 8 million settlement); *In re Cell Pathways, Inc. Sec. Litigation*, 2002 WL 31528573 at *10-11 (E.D. Pa. September 23, 2002) (McLaughlin, J.) (approving 30% award from approximately $ 5 million settlement); *In re General Instrument Sec. Litigation*, 209 F. Supp. 2d 423, 433-34 (E.D. Pa. 2001) (Reed, J.) (approving 33⅓% award from $ 48 million settlement); *In re Aetna Inc. Sec. Litig.*, MDL No. 1219, 2001 U.S. Dist. LEXIS 68, 2001 WL 20928, at *13-16 (E.D. Pa. Jan. 4, 2001) (Padova, J.) (approving 30% fee award from $ 82.5 million settlement); *In re Unisys Corp. Securities Litigation*, 2001 WL 1563721 at *3 (E.D. Pa. December 6, 2001) (Newcomer, J.) (approving 33% award from $ 5.75 million settlement); *In re Tel-Save Sec. Litigation*, No. 98-3145 (E.D. Pa. November 9, 2001) (Buckwalter, J.) (approving 33⅓% award in settlement of $ 5.75 million); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 147, 150 (E.D. Pa. 2000) (Brody, J.) (approving 33⅓% award in settlement of $ 7.2 million); *Neuberger v. Shapiro*, 110 F. Supp. 2d 373, 386 (E.D. Pa. 2000) (Ludwig, J.) (approving 33⅓% award in settlement of $ 4.3 million); *In re Neoware Systems, Inc. Sec. Litigation*, 2000 WL 1100871 *3-4 (E.D. Pa. July 27, 2000) (Kauffman, J.) (approving 33⅓% award in $ 1 million settlement).

Cases from earlier years are in accord. *See, e.g., In re Residential Doors Antitrust Litig.*, 1996 WL 751550 at *27 (E.D. Pa. Dec. 31, 1996) (30% of $ 14.55 million settlement fund); *In re Plastic Tableware Antitrust Litig.*, 1995 U.S. Dist. Lexis 18166 (E.D. Pa. 1995) (29% of $ 7.76 million fund); *In re Greenwich Pharm. Sec. Litig.*, 1995 U.S. Dist. LEXIS 5717, *16-17 (E.D.

Pa. April 26, 1995) (fee award of 33.3% of $ 4.375 million cash settlement fund); *In re U.S. Bioscience Sec. Litig.*, 155 F.R.D. 116 (E.D. Pa. 1994) (30% of fund consisting of $ 5.25 million in cash and $ 10 million in marketable securities); *In re Unisys Sec. Litig.*, No. 89-1179 (E.D. Pa. June 1992) (27.5% of $ 15 million cash fund and of $ 5 million contingent settlement amount, plus expenses); *In re Sunrise Sec. Litig.*, MDL No. 655 (E.D. Pa. 1990) (30% of $ 9.64 million partial settlement).

The requested fee award thus is reasonable when measured as a percentage of the recovery.


**B.      The Requested Multiplier Is At the Low End of the Range of Fee Awards.**

It is typical in common fund cases to approve fee multipliers in recognition of the risks involved in contingent litigation and the results achieved.  As the Third Circuit explained in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F. 2d 161, 168 (3d Cir. 1973), *vacated on other grounds*, 540 F.2d 102 (3d Cir. 1976):

> No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success.

487 F. 2d at 168.

The Third Circuit has recognized that multipliers "'ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'"  *In re Cendant PRIDES Litigation*, 243 F.3d at 742 (*quoting In re Prudential*, 148 F.3d at 341).  *See also In re Linerboard*, 2004 U.S. Dist. LEXIS 10532, 2004 WL 1221350, at *16 (noting that "during 2001-2003, the average multiplier approved in common fund class actions was 4.35").

In this case, the very slight multiplier of the current lodestar (1.165) that is implicit in the percentage fee request is far below the multipliers that are typically awarded in other class action cases prosecuted on a contingent fee basis.  Indeed, as a few of these precedents indicate, fee multiples of 3-4 are not unusual.  These multipliers would be fully justified in this case if the settlement fund were larger and capable of supporting a larger fee award, even if measured as the same percentage of the fund.  *See, e.g.*, *Bradburn Parent Teacher Store, Inc. v. 3M (Minnesota Mining and Manufacturing Co.)*, No. 02-7676, 2007 U.S. Dist. LEXIS 35899 at * 54-55, 2007-1 Trade Cas. (CCH) ¶ 75,722 (E.D. Pa. May 15, 2007) (Padova, J.) (2.5 multiplier); *Meijer, Inc. v. 3M (Minnesota Mining and Manufacturing Co.)*, No. 04-5871, 2006 U.S. Dist. LEXIS 56744 at * 80, 2006-2 Trade Cas. (CCH) ¶ 75,397 (E.D. Pa. August 15, 2006) (Padova, J.) (4.77 multiplier); *Stop & Shop Supermarket Co. v. Smithkline Beecham Corp.*, No 03-4578, 2005 U.S. Dist. LEXIS 9705, 2005 WL 1213926 at *18 (E.D. Pa. May 20, 2005) (15.6 multiplier); *In re Rite Aid Corp. Secs. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (Dalzell, J.) (6.96 multiplier); *In re Linerboard Antitrust Litigation*, 2004 WL 1221350 at * 16 (DuBois, J.) (2.66 multiplier); *In re Rite Aid Corporation Securities Litigation,* 269 F.Supp.2d 603, 610-11 (E.D. Pa. 2003) (Dalzell, J.) (4.07 multiplier); *In re Aetna Inc. Sec. Litigation*, 2001 WL 20928 at * 15-16 (E.D. Pa. December 27, 2001) (Padova, J.) (3.6 multiplier); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) (Brody, J.) (2.04 multiplier); *In re Ikon Office Solutions, Inc. Sec. Litigation*, 194 F.R.D. 166, 195 (E.D. Pa. 2000) (Katz, J.) (2.7 multiplier); *J/H Real Estate v. Abramson*, 951 F. Supp. 63 (E.D. Pa. 1996) (Bartle, J.) (2.5 multiplier); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525 (E.D. Pa. 1990) (multiplier of 3.29 for lead counsel); *In re First Jersey Secs., Inc. Sec. Litig.*, MDL No. 681 (E.D. Pa. 1989) (2.5 multiplier).

In this case, Class Counsel's fee request actually represents a smaller multiplier of the lodestar value of their time than 1.165, considering counsel's additional forthcoming work relating to finalizing and administering the settlement, which work that is not reflected in their current fee itemizations.    Accordingly, the fee is reasonable when one "cross-checks" the requested fee against the fee lodestar and multiplier.

### C.       The Requested Fee is Reasonable When All Other Factors Are Considered.

In *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d Cir. 2000), the Third Circuit set forth several additional factors which should guide courts in determining a reasonable, percentage-based fee award.   These factors include:  (1) the size of the fund and of the class benefited; (2) the presence or absence of objections to the fee request; (3) counsel's skill and efficiency; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time expended by counsel; and (7) awards in similar cases.  *See also In re Prudential*, 148 F.3d at 336-40; *General Motors*, 55 F.3d at 819-22.

1.       *Size of the Fund and Class Benefited*.   Here, the settlement fund has a principal value of $ 14 million and benefits approximately 45,600 members of the Settlement Class.   The reasonableness of the settlement is discussed in the Memorandum in Support of Final Approval of the Proposed Settlement (filed concurrently).   As demonstrated above, the percentage of recovery requested for the fee award, when compared to the size of the settlement fund, is consistent with precedent in this District and Circuit.

2.       *Absence of Objections*.   In *In re Greenwich Pharmaceutical Sec. Litig.*, [1994-1995] Fed. Sec. L. Rep. ¶ 98,744 at 92,523 (E.D. Pa. 1995), the court focused on the lack of significant objections to the requested fee, the risky nature of the litigation, and the result

obtained, when it awarded a fee of 33⅓ percent of a $ 4,375,000 settlement.  In this case, the deadline for filing any objections to the fee request is January 4, 2008.  To date (as of the morning of December 10, 2007), no objection or other comment on the merits of the fee request has been received from any Class member.  The Court will receive a complete statement of any communications from the Class as part of the sworn statement that is to be filed by Class Counsel on or before January 11, 2008 pursuant to paragraph 7 of the October 25, 2007 Order granting preliminary approval.

3.      *Counsel's Skill and Efficiency*.  The skill and efficiency of counsel's efforts here are reflected in the statement of the litigation history and the assessment of the merits of the Settlement that are presented in Plaintiffs' Motion and Supporting Memorandum for Entry of Order and Final Judgment Giving Final Approval to Proposed Class Action Settlement (filed concurrently, on December 10, 2007).  The Court is aware that this litigation has involved unsettled issues under the ERISA statute and has been vigorously contested by Class Counsel in the face of a strong defense by the Morgan Lewis firm for over seven years.

4.      *Complexity and Duration of Action*.  As the Court is aware, this litigation has been complex.  With regard to the substantive law governing the case, clear rules of decision were not available at the commencement of the case, and the parties briefed and the Court ruled upon several motions to dismiss.  As discussed in the Memorandum filed in support of final approval of the settlement, the litigation continues to present complex, unsettled questions regarding the duties of fiduciaries to consider manager fees and expenses when selecting plan investment vehicles and the latitude accorded to fiduciaries in weighing fee-related information against other permissible factors that are pertinent to their investment decisions.  With regard to the facts of the case, Class Counsel were required to investigate and assemble a mosaic of

evidence from tens of thousands of pages of documents and to assess the historic facts with the aid of sophisticated consulting experts.

The Court is also aware of the duration of this case.  Measured simply in time, the litigation has lasted eight years.  Measured in actual hours, Class Counsel have dedicated for the benefit of the Settlement Class over 8,400 hours of attorney and paralegal time.  Accordingly, this is not a case where settlement has ever been assured, or a settlement could be obtained promptly with minimum work.

5.      *Risk of Nonpayment*.  In this case, Class Counsel have labored for over seven years on a wholly contingent basis.  They have "assumed substantial risks," *In re Unisys Corp. Retiree Medical Benefits ERISA Litigation*, 886 F. Supp. 445, 478 (E.D. Pa. 1995), in representing the Class.  No payments of fees or expenses have been received by Class Counsel from any source.  And, given the unsettled legal questions presented, there has been a high level of risk of loss throughout the case.  The factors creating this risk of loss are discussed in the Memorandum in Support of Final Approval of Settlement.  As the fee decisions recognize, a fee award ought to compensate counsel for taking on this risk.  If appropriate compensation does not occur in this ERISA case, the economics of the legal marketplace will cause firms to allocate resources to other, less risky but more remunerative areas of class action practice.  As Judge Cahn noted in the *Unisys Corp. Retiree Medical* fee decision, 886 F. Supp. at 484, "the court must also adequately compensate counsel to ensure that ERISA continues to be vigorously enforced."

6.      *Time Expended By Counsel*.  As explained by the fee decisions, the percentage approach to fee-setting can be supplemented by a "cross-check" consideration of the fee lodestars to ensure that the chosen percentage is reasonable, and that the fee award does not

under-compensate or over-compensate counsel.  In this case, the lodestar "cross-check" confirms that the requested fee is reasonable.

As itemized in their affidavits/declarations, Class Counsel devoted a total of over 8,400 hours of attorney and paralegal time for the benefit of plaintiffs and the members of the Settlement Class.  The lodestar value of this time has been calculated using current hourly rates in order to adjust for the delays in payment of up to eight years.  *See In re Unisys Retiree Medical*, 886 F. Supp. at 477 n. 70, 479.  In addition, the affidavits confirm that the rates claimed are those normally charged by the firms.  The sum total of the lodestars itemized in the five petitioning firm affidavits is $ 3,605,329.00, with considerable additional, unbilled future work on settlement approval and administration being omitted but remaining to be done.  The requested fee award accordingly signifies only a slight increase (1.165) over the current lodestar value of the work.

As noted above, the slight multiplier implicit in this fee request places the request *below* and outside of the range of fee multipliers established in the cases.  Needless to say, a discount from the lodestar value is on the very low side of multipliers awarded in common fund cases in the Eastern District of Pennsylvania.  These fee precedents are canvassed above on pages 8-9.  *See, e.g., In re Linerboard*, 2004 U.S. Dist. LEXIS 10532, 2004 WL 1221350, at *16 (noting that "during 2001-2003, the average multiplier approved in common fund class actions was 4.35"); *In re Residential Doors Antitrust Litig.*, No. 94-CV-3744, 1996 WL 751550, 1996 U.S. Dist. LEXIS 19452 at *29 (E.D. Pa. Dec. 31, 1996) ("Federal Courts have often multiplied hourly rates up to four times or more"; awarding multiplier of 2.48); *see also In re Tampico Fiber Antitrust Litig.*, 1995 WL 20418 at * 3 (E.D. Pa. Jan. 13, 1995) (30% fee award "constitutes a

multiple of only 3.3" of lodestar); *Chambers*, 912 F. Supp. at 862 (percentage awarded was cross-checked as being a multiple of 3.2 times lodestar).

Upon consideration of the percentage of recovery sought, the slight multiplier of the current fee lodestars represented by the fee request, and all other factors, the Court can readily conclude that the requested fee is reasonable.

## III.    CLASS COUNSEL SHOULD RECOVER THE EXPENSES THEY INCURRED FOR THE BENEFIT OF PLAINTIFFS AND THE MEMBERS OF THE SETTLEMENT CLASS.

Class Counsel have paid or incurred an aggregate total of $ 208,207.96 in out-of-pocket litigation costs and expenses in connection with their representation of plaintiffs and the members of the Settlement Class.  These expenses are summarized by firm in Exhibit A and detailed in each petitioning firm's affidavit.  As the affidavits explain, these expenses were actually paid or incurred and are reflected on the books and records of Class Counsel.  All claimed expenses have benefited the Class and have been necessary to the prosecution and successful conclusion of the litigation for them.  Should the Court require additional details about these costs and expenses, they will be provided.

Class Counsel also attest that no payments of fees or expenses have been received by Class Counsel from any source with respect to the settlement for the Class.  Although a separate, confidential settlement was reached in June 2006 on the individual, non-class claims of original plaintiff James A. Mehling, the fees and expenses paid by Mr. Mehling to certain counsel as a result of his individual settlement related solely to work on his individual claims.  In contrast, the work on behalf of the Class is much more extensive and complex and remains totally uncompensated.

**IV. THE COURT SHOULD GRANT SPECIAL INCENTIVE AWARDS TO NAMED PLAINTIFFS MAANE AND BOWERS IN RECOGNITION OF THEIR YEARS OF EFFORT, TIME AND CONCERN BENEFITING ALL MEMBERS OF THE SETTLEMENT CLASS.**

By this Petition, Class Counsel also request that the Court approve special payments (or "incentive awards") to the two named representative plaintiffs, Frances Maane and Lee A. Bowers, in the amount of $ 15,000 and 7,500 respectively.  Ms. Maane and Mr. Bowers have served as named plaintiffs and class representatives for more than seven years, since they were joined as plaintiffs with the filing of the Amended Complaint in July 2000.  As set forth in the attached Declaration of Eli Gottesdiener (Exhibit C), during the past seven years, Ms. Maane and Mr. Bowers have assumed and carried special burdens that were not borne by any other members of the Settlement Class.  In brief, they helped Class Counsel formulate the factual and legal theories for the case; responded to discovery requests; consulted with Class Counsel at key strategic junctures throughout the case; attended settlement conferences; monitored settlement negotiations; and assumed responsibility for safeguarding the interests of the members of the Settlement Class.  As the Court no doubt appreciates, this required a considerable investment of time and loss of income-producing work, but, even more important, this demanded attention and anxiety that no other Class members had to shoulder.  It is a difficult thing to go to litigation, and for non-lawyer plaintiffs it can be particularly stressful, no matter how confident one feels about the merits of the claims being asserted or about the counsel chosen.

In light of the special burdens assumed by these named plaintiffs and their personal efforts to advance the case for the benefit of all Class members, it is particularly appropriate to ensure that these efforts are recognized and that Class members share in the burden they assumed.  If awarded, the special payments of $ 15,000 to plaintiff Maane and $ 7,500 to plaintiff Bowers would have the effect of reducing the *net* settlement recovery of every other

15

401(k) Plans Class member by approximately 1/4 of one percent.   The Notice informed Class members of this request for special payments.  *See* Notice, at page 9, ¶ 34.  To date, no member of the Settlement Class has registered any objection to these requested special payments.

The cases recognize that special payments of this kind are proper.  For example, in *In re Linerboard Antitrust Litigation*, 2004 WL 1221350 at * 18-19 (E.D. Pa. June 2, 2004), Judge DuBois reviewed the case law and concluded that special payments to five named plaintiffs, in the amount of $ 25,000 each, were entirely appropriate.  He ruled that there is "ample authority in this district and in other circuits for such an incentive award."  *Id.* at * 18, *citing Tenuto v. Transworld Systems, Inc.,* No. 99-4228, 2002 WL 188569 (E.D. Pa. Jan.31, 2002); *In re Residential Doors Antitrust Litigation,* No. 93-3744, 1998 WL 151804, *8 (E.D. Pa. April 2, 1998); *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir.1999); *In re Lease Oil Antitrust Litigation,* 186 F.R.D. 402, 229 (S.D.Tex.1999); *In re Domestic Air Transp. Antitrust Litigation,* 148 F.R.D. 297, 357 (N.D.Ga.1993).

Judge DuBois concluded that special payments were firmly rooted in notions of the equitable obligations of the other class members:

> Like the attorneys in this case, the class representatives have conferred benefits on all other class members and they deserve to be compensated accordingly.  *In re Plastic Tableware Antitrust Litigation,* No. 94-CV-3564, 2002 WL 188569 (E.D. Pa. Dec. 4, 1998) ("Payments to class representatives may be considered a form of restitutionary relief within the discretion of the trial court . . . They may also be treated as a reward for public service and for the conferring of a benefit on the entire class").  Such awards are particularly appropriate in this case because there was no preceding governmental action alleging a conspiracy and taking a high-profile role threatened to jeopardize class representatives' relationships with their suppliers.  *Cullen v. Whitman Medical Corp.,* 197 F.R.D. 136 (E.D.Pa.2000) ("[c]ourts routinely approve incentive awards for the services they provide and the risks they incurred during the course of the class action litigation").

*Id. at * 18.* In this pension case as well, the two plaintiffs have risked negative repercussions from having stepped forward to be named plaintiffs. It is self-evident that future employers may not look favorably upon an applicant's litigation with a previous employer. Like the wholesaler plaintiffs in *Linerboard*, there were significant risks in plaintiffs' "taking a high-profile role."

In addition, the activities and services performed by Ms. Maane and Mr. Bowers are indistinguishable from the activities that Judge DuBois described and found to be a proper basis for payment of an incentive award. These two plaintiffs likewise "performed considerable work advancing the litigation." *Id.* at * 19.

Finally, the amount requested for the special payments is appropriate. Although both lower *and higher* amounts have been requested and awarded in some cases, the amount requested here is consistent with awards in other cases in which the named plaintiffs took an active role. In making the same conclusion in *Linerboard Antitrust*, Judge DuBois cited these precedents: *In re Graphite Electrodes Antitrust Litigation,* MDL No. 1244 (E.D. Pa. Order of September 8, 2003) ($ 80,000); *Bogosian v. Gulf Oil Corp.,* 621 F.Supp. 27 (E.D. Pa.1985) ($ 20,000); *In re First Jersey Securities, Inc.,* MDL No. 681 (E.D.Pa.1989) ($ 24,000); *In re Revco Securities Litigation,* Nos. 851 & 89 CV 593, 1992 WL 118800 (N.D. Ohio May 6, 1992) ($ 90,000); *In re Busiprone Antitrust Litigation,* MDL No. 1413 (S.D.N.Y. April 7, 2003) ($ 25,000); *Brotherton v. Cleavland,* 141 F.Supp.2d 907 (S.D. Ohio 2001) ($ 50,000); *In re Cardizem CD Antitrust Litigation,* MDL No. 1278 (S.D. Mich. Nov. 26, 2002) ($ 20,000).

Class Counsel therefore request that the Court approve the proposed special payments to named Plaintiffs Maane and Bowers. In the final analysis, had they not been willing to step forward to challenge the investment practices of the Plans, there would not be a settlement benefiting the tens of thousands of members of the Settlement Class.

## <u>CONCLUSION</u>

For the reasons stated here and in the supporting affidavits of the petitioning firms, Class Counsel respectfully request that they be awarded from the settlement fund attorneys' fees in the amount of $ 4,200,000, and litigation costs and expenses in the amount of $ 208,207.96.   Class Counsel also request that the Court award special compensation to named Plaintiff Frances Maane in the amount of $ 15,000 and named Plaintiff Lee A. Bowers in the amount of $ 7,500.

Dated:  December 10, 2007

Respectfully submitted,

s/ Alan M. Sandals

Alan M. Sandals
Scott M. Lempert
**SANDALS & ASSOCIATES, P.C.**
One South Broad Street, Suite 1850
Philadelphia, PA  19107
(215) 825-4000

Eli Gottesdiener
**GOTTESDIENER LAW FIRM, PLLC**
498 7th Street
Brooklyn, NY  11215
(718) 788-1500

Marc I. Machiz
**COHEN, MILSTEIN, HAUSFELD
    & TOLL, PLLC**
One South Broad Street, Suite 1850
Philadelphia, PA  19107
(215) 825-4010

Barry L. Gross
**STIEF, GROSS, SAGOSKIN, GILMAN
    & CLASSETTI PC**
P.O. Box 274
Newtown, PA  18940-0274
(215) 968-3900

Counsel for Plaintiffs and the Settlement Class

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing PETITION OF CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES to be served by ECF Filing and by first class mail this <u>10th</u> day of December, 2007, upon the following counsel:

Michael L. Banks
Joseph J. Costello
**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103

Stephen M. Saxon
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

Attorneys for Defendants


_____ s/ Alan M. Sandals _____
Alan M. Sandals